Clarke v. White Plains Hospital

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of May, two thousand sixteen.**

**PRESENT:**
> **AMALYA L. KEARSE,**
> **DENNIS JACOBS,**
> **BARRINGTON D. PARKER,**
> *Circuit Judges.*

_____

**MARGUERITE ELLEN CLARKE,**

> *Plaintiff-Appellant,*

> **v.**                                                          **15-1637**

**WHITE PLAINS HOSPITAL,**

> *Defendant-Appellee,***

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Marguerite Ellen Clarke, pro se, White Plains, NY. |
| **FOR DEFENDANT-APPELLEE:** | Francis Carling, Francis Carling Law Offices, New York, NY. |

---

* The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Marguerite Ellen Clarke, pro se, appeals from a judgment in favor of White Plains Hospital ("the Hospital") in her suit under, inter alia, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 621 *et seq.*; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We "review *de novo* a district court's dismissal of a complaint pursuant to [Federal] Rule [of Civil Procedure] 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

We conclude that the district court properly dismissed Clarke's complaint. Clarke's claims were subject to an exhaustion requirement, i.e., that they, or claims that are reasonably related, first be asserted in administrative proceedings, *see, e.g.*, *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir. 2001) ("If a claimant has failed to pursue a given claim in administrative

proceedings, the federal court generally lacks jurisdiction to adjudicate that claim."); *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 712 (2d Cir. 1998). However, her Title VII and ADEA claims were not "reasonably related" to the alleged discrimination in her New York State Division of Human Rights complaint, which was dual-filed with the Equal Employment Opportunity Commission; it did not even mention Clarke's race, national origin, or age. And Clarke presents no argument to the contrary on appeal. To the extent that her ADA retaliation claim was reasonably related, and therefore exhausted, Clarke argues that she engaged in a protected activity by complaining that a unit supervisor was creating an intimidating and hostile work environment. As the district court properly observed, however, Clarke failed to allege that the complaint she made was "directed at *conduct prohibited by* [*the ADA*]." *See Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 107–08 (2d Cir. 2011) (emphasis in original) (quoting *Galdieri-Ambrosini v. Nat'l Realty & Development Corp.*, 136 F.2d 276, 292 (2d Cir. 1998)).

We affirm the dismissal of Clarke's ADA claims for discrimination and failure to accommodate on the following bases. *See In re Adderall XR Antitrust Litig.*, 754 F.3d 128, 134 n.4 (2d Cir. 2014) (We may "affirm on any ground that finds support in the record sufficient to permit a conclusion of law, even one not relied on by the district court."). Clarke failed to allege that there were light-duty positions available for nurse technicians at the time of her June 2011 request for light duty, nor was the Hospital required to create a new position to accommodate Clarke. *See, e.g.*, *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 187 (2d Cir. 2006); *Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89, 99 (2d Cir. 1999). And Clarke's complaint, which was drafted by counsel and not deserving of the special solicitude due pro se litigants, did not allege that she sought internal transfers in May and July 2012 as a reasonable accommodation, that the

3

Hospital should have perceived the requests as being for a reasonable accommodation, or even that a recovery room position entailed light-duty work. *See Graves*, 457 F.3d at 184 ("[G]enerally, it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed." (internal quotation marks omitted)).

Finally, Clarke contends that when the Hospital discharged her in October 2012, it improperly considered several unexcused absences that were allegedly due to treatment for her back injury. Clarke failed, however, to allege that the Hospital knew that these absences were due to her back injury; she alleged only that she attempted, *after* the Hospital had decided to terminate her employment, to explain that these absences should not have been considered unexcused. Although Clarke asserted that the Hospital in fact knew of her back injury, that provided no basis to infer any causal connection between that knowledge and her termination, as it was alleged that the Hospital had known of the injury for nearly two years. *See Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very close . . . . Action taken . . . 20 months later suggests, by itself, no causality at all." (internal quotation marks omitted)). Accordingly, Clarke's allegations were insufficient to "give plausible support to a minimal inference of discriminatory motivation." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (internal quotation marks omitted).

We have considered Clarke's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5